**IN THE UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

FILED by __PG__ D.C.

DEC 1 1 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA – MIAMI

CHARLES WILLIAMS, L15671, pro se,
     Petitioner,

                    **CASE NO.:**_____

vs.

RICK SCOTT, Governor,
and
STATE OF FLORIDA,
     Respondents.

                    /

cat / div _550/1983/FTL_
Case # _____
Judge _____ Mag _WHITE_
Motn Ifp __NO__ Fee pd $ _O_
Receipt # _____

## COMPLAINT

     COMES NOW, Petitioner Charles Williams, L15671, *pro se*, a State prisoner, and requests this Honorable Court to entertain the following Federal question action:

## I. INTRODUCTION

1.    This is an action to redress grievances and deprivations, by the respondents, of rights secured by the Constitution of the United States.

2.    Jurisdiction is invoked under 28 U.S.C. §1331, requiring this Court to make a determination of Petitioner's rights, as applied, to answer the following question:

> "Does the introduction, by the State Prosecutor, of a fraudulent Official Court Record containing Petitioner's forged signature violate the Petitioner's Constitutional Rights, which are: A) a fair trial (6th Amendment); B) due process (5th and 14th Amendments); and C) equal protection under the law (14th Amendment)?"

3.    Petitioner seeks, by invocation of Federal – question jurisdiction, a declaratory statement of his rights under the Constitution.

## II.  JURISDICTION AND VENUE

4.      Jurisdiction: 28 U.S.C. §1331 and 28 U.S.C. §1343.

5.      Venue: South Florida United States District Court.

## III.  PARTIES

6.      Petitioner: Charles Williams, L15671, *pro se*, a State prisoner.

7.      Respondents: Rick Scott, Governor – State of Florida.

## IV.  STATEMENT OF THE FACTS

8.      Petitioner Charles Williams was arrested and taken to the Pompano Beach Police Department (PBPD), where at interrogation PBPD Detective James Murray read Petitioner defective *Miranda* warnings from an apparently obsolete PBPD *Miranda* waiver form.  Petitioner, Detective Murray, and another Police Officer immediately signed, in each others presence, the form that had just been read.

9.      At Petitioner's trial, Prosecutor Robert Nichols assisted Detective Murray in explaining said form, in detail, to the jury and for the trial transcript record.  Detective Murray testified under oath, and identified the *Miranda* form he was holding in his hand as:  A) "the original," B) called "Affidavit of Waiver," C) "Standard form with the Pompano Police Department," D) containing "Detective Murray's signature," E) containing "Petitioner's signature," and F) dated "November ninth."  The form was then entered into evidence as "States Exhibit Seven."

10.      Following the above colloquy, Prosecutor Nichols instructed Detective Murray to: "Read down this list here on State's Exhibit Seven and let the jury know how you read it."

Detective Murray then read the warnings verbatim, and again verified the signatures on the *Miranda* form he identified as called "Affidavit of Waiver."

11.   During deliberations, the jury submitted a written request to review the *Miranda* form that Detective Murray read to them. However, Prosecutor Nichols handed the jury a different form entitled "Waiver of Counsel," which contains a corrected date of "November eleventh," and a corrected and revised version of the warnings actually read to Petitioner. Petitioner did not sign the *Miranda* form entitled "Waiver of Counsel," and the signature thereon, purported to be Petitioner's, is a forgery. In addition, the written jury request, which was handed to the judge and is in the Official Court Record, has been altered/tampered-with.

12.   The *Miranda* form Detective Murray read into the trial transcript record called "Affidavit of Waiver," and the original of the fraudulent/forged form entitled "Waiver of Counsel" are both missing from the Official Court Record. The only *Miranda* form available is a copy of the fraudulent/forged "Waiver of Counsel" from the Broward County State Attorney's Office file.

13.   Petitioner's family independently retained two (2) Certified Forensic Document Examiners, who, after a complete laboratory analysis, issued a letter of opinion concluding that Petitioner did not sign the *Miranda* form entitled "Waiver of Counsel."

14.   Petitioner has shown that the forgoing facts are substantiated by the Official Court Record, and Forensic-Science evidence provided by two (2) Certified Forensic Document Examiners.

15.    Petitioner has given the State opportunity to address the factual issues presented herein.  The State has chosen to disregard the Official Court Record and the opinion of two (2) Certified Forensic Document Examiners.

## V. THE NATURE OF THE RELIEF SOUGHT

Petitioner Charles Williams respectfully requests this Honorable Court to answer the question presented in paragraph 2 with a declaratory statement of his rights this Court deems proper.

Respectfully Submitted,

Date:  _12_ / _6_ / _17_

Charles Williams, #L15671, *pro se*
S/U South Florida Reception Center
13910 NW 41st Street
Doral, Florida 33178-3014

## OATH

UNDER PENALTY OF PERJURY, I declare that I have read the foregoing Complaint and that the facts stated therein are true and correct.

Charles Williams, #L15671, *pro se*

PROVIDED TO
SOUTH FLORIDA RECEPTION CENTER
on _12/06/17_ FOR MAILING.

BY: _____
OFFICER'S INITIALS

4

Charles Williams L15671 CI-145
South Florida Reception Center - South Unit
13910 N.W. 41st Street
Doral, Florida 33178-3014

Legal Mail

MAILED FROM
STATE CORRECTIONAL
INSTITUTION

USMS INSPECTED
By _____

United States District Court -
Clerk - Room 8N09
400 N. Miami Avenue
Miami, FL 33128-7716

